UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DEAN ANDERSEN, Derivatively on Behalf of Nominal Defendant CITIGROUP INC.,<br><br>    Plaintiff,<br><br>v.<br><br>MICHAEL CORBAT, ELLEN M. COSTELLO, GRACE E. DAILEY, BARBARA DESOER, JOHN C. DUGAN, JANE FRASER, DUNCAN P. HENNES, PETER BLAIR HENRY, S. LESLIE IRELAND, LEW JACOBS, RENÉE J. JAMES, EUGENE M. MCQUADE, MICHAEL E. O'NEIL, GARY M. REINER, DIANA L. TAYLOR, JAMES S. TURLEY, DEBORAH C. WRIGHT, ALEXANDER WYNAENDTS, and ERNESTO ZEDILLO PONCE DE LEON,<br><br>    Defendants,<br><br>and<br><br>CITIGROUP INC.<br><br>    Nominal Defendant. | Case No.: 1:20-cv-08669-AJN<br><br>JURY TRIAL DEMANDED |

*Captions continue on the following pages.*

**ORDER CONSOLIDATING RELATED DERIVATIVE ACTIONS AND
APPOINTING CO-LEAD PLAINTIFFS AND CO-LEAD COUNSEL**

| | |
|---|---|
| EMPLOYEES' RETIREMENT SYSTEM OF THE STATE OF RHODE ISLAND, derivatively on behalf of CITIGROUP INC., <br><br> Plaintiff, <br><br> v. <br><br> MICHAEL L. CORBAT, ELLEN M. COSTELLO, GRACE E. DAILEY, BARBARA DESOER, JOHN C. DUGAN, JANE FRASER, DUNCAN P. HENNES, PETER B. HENRY, FRANZ B. HUMER, S. LESLIE IRELAND, LEW W. JACOBS IV, RENÉE J. JAMES, EUGENE M. MCQUADE, MICHAEL E. O'NEIL, GARY M. REINER, ANTHONY M. SANTOMERO, DIANA L. TAYLOR, JAMES S. TURLEY, DEBORAH C. WRIGHT, ALEXANER WYNAENDTS, ERNESTO ZEDILLO PONCE DE LEON, <br><br> Defendants, <br><br> and <br><br> CITIGROUP INC. <br><br> Nominal Defendant. | Case No.: 1:20-cv-09438-AJN <br><br> JURY TRIAL DEMANDED |

| | |
|---|---|
| THE EMPLOYEE RETIREMENT SYSTEM OF THE CITY OF PROVIDENCE, derivatively on behalf of CITIGROUP INC., <br><br> Plaintiff, <br><br> v. <br><br> MICHAEL L. CORBAT, ELLEN M. COSTELLO, GRACE E. DAILEY, BARBARA DESOER, JOHN C. DUGAN, JANE FRASER, DUNCAN P. HENNES, PETER B. HENRY, FRANZ B. HUMER, S. LESLIE IRELAND, LEW W. JACOBS IV, RENÉE J. JAMES, EUGENE M. MCQUADE, MICHAEL E. O'NEIL, GARY M. REINER, ANTHONY M. SANTOMERO, DIANA L. TAYLOR, JAMES S. TURLEY, DEBORAH C. WRIGHT, ALEXANDER WYNAENDTS, ERNESTO ZEDILLO PONCE DE LEON, <br><br> Defendants, <br><br> and <br><br> CITIGROUP INC. <br><br> Nominal Defendant. | Case No.: 1:20-cv-09937-AJN <br><br> JURY TRIAL DEMANDED |

| | |
|---|---|
| ASBESTOS WORKERS PHILADELPHIA WELFARE AND PENSION FUND, derivatively on behalf of CITIGROUP INC., <br><br> Plaintiff, <br><br> v. <br><br> MICHAEL L. CORBAT, ELLEN M. COSTELLO, GRACE E. DAILEY, BARBARA DESOER, JOHN C. DUGAN, JANE FRASER, DUNCAN P. HENNES, PETER B. HENRY, FRANZ B. HUMER, S. LESLIE IRELAND, LEW W. JACOBS IV, RENÉE J. JAMES, EUGENE M. MCQUADE, MICHAEL E. O'NEIL, GARY M. REINER, ANTHONY M. SANTOMERO, DIANA L. TAYLOR, JAMES S. TURLEY, DEBORAH C. WRIGHT, ALEXANER WYNAENDTS, ERNESTO ZEDILLO PONCE DE LEON, <br><br> Defendants, <br><br> and <br><br> CITIGROUP INC. <br><br> Nominal Defendant. | Case No.: 1:20-cv-09977-AJN <br><br> JURY TRIAL DEMANDED |

The Court, having considered the Unopposed Motion to Consolidate Related Derivative Actions and Appoint Co-Lead Plaintiffs and Co-Lead Counsel filed by Plaintiffs Employees' Retirement System of the State of Rhode Island ("Rhode Island") and The Employee Retirement System of the City of Providence ("Providence") (the "Motion") and the Memorandum of Law filed in support thereof, and good cause having been shown, HEREBY ORDERS:

1. Rhode Island and Providence's Motion is GRANTED.

2. The following actions (the "Related Actions") are hereby consolidated for all purposes, including pre-trial proceedings and trial, under Case No. 1:20-20-cv-09438 (the "Consolidated Action"), pursuant to Federal Rule of Civil Procedure 42(a):

| Case Name | Case Number | Date Filed |
|---|---|---|
| *Andersen v. Corbat, et al.* | 1:20-cv-08669 | October 16, 2020 |
| *Employees' Retirement System of The State of Rhode Island v. Corbat, et al.* | 1:20-cv-09438 | November 10, 2020 |
| *The Employee Retirement System of the City of Providence v. Corbat, et al.* | 1:20-cv-09937 | November 25, 2020 |
| *Asbestos Workers Philadelphia Welfare and Pension Fund v. Corbat, et al.* | 1:20-cv-09977 | November 25, 2020 |

3. Every subsequent pleading filed in this Consolidated Action, or in any separate action included herein, shall bear the following caption:

| IN RE CITIGROUP INC. SHAREHOLDER DERIVATIVE LITIGATION | Lead Case No. 1:20-cv-09438 (AJN) |
|---|---|

4. This Order shall apply to each shareholder derivative action filed on behalf of Citigroup Inc. arising out of the same, or substantially the same, transactions or events as the

Related Actions, which is subsequently filed in, remanded to, re-assigned to, or transferred to this Court. Any such subsequently filed action shall be consolidated into this action as provided below.

5. Rhode Island and Providence are appointed Co-Lead Plaintiffs in the Consolidated Action.

6. Saxena White P.A. and Berman Tabacco are appointed Co-Lead Counsel for plaintiffs in the Consolidated Action.

7. Defendants need not respond to the complaints previously filed in the Related Actions and any response dates previously agreed upon with counsel or entered in any of the consolidated cases are abrogated. Co-Lead Plaintiffs shall file a new consolidated complaint in the Consolidated Action, or else designate a previously-filed complaint to serve as the operative complaint in the Consolidated Action (the "Consolidated Complaint"), within twenty-one days of the entry of this order. The Consolidated Complaint will supersede all existing complaints in the Related Actions and any other action that may be consolidated herewith. To the extent any defendant now named in any of the Related Actions is not named in the Consolidated Complaint, all claims against such defendant shall be deemed dismissed without prejudice. Service shall be effected with respect to any named defendant by serving the Consolidated Complaint on that defendant's counsel, unless such defendant has not previously been served or appeared, in which case service shall be effected according to the Federal Rules of Civil Procedure. The terms of this order shall not have the effect of making any person or entity a party to any action in which he, she, or it has not been named and properly served in accordance with the Federal Rules of Civil Procedure.

8. Following Co-Lead Plaintiffs' filing or designation of the Consolidated Complaint, Co-Lead Counsel will meet and confer with Defendants' counsel regarding a schedule for Defendants' response to the Consolidated Complaint and any briefing related thereto.

9. Co-Lead Counsel shall set policy for plaintiffs for the prosecution of this litigation, delegate and monitor the work performed by plaintiffs' attorneys to ensure that there is no duplication of effort or unnecessary expense, coordinate on behalf of plaintiffs the initiation and conduct of discovery proceedings, and provide supervision and coordination of the activities of plaintiffs' counsel.

10. Co-Lead Counsel shall have sole authority to speak for plaintiffs in matters regarding pre-trial procedure, trial, and settlement negotiations and shall make all work assignments in such manner as to facilitate the orderly and efficient prosecution of this litigation and to avoid duplicative or unproductive effort.

11. No motion, request for discovery, or other pre-trial or trial proceedings will be initiated or filed by any plaintiff except through Co-Lead Counsel.  No pleadings or other papers shall be filed or discovery conducted by any plaintiff except as directed or undertaken by Co-Lead Counsel.

12. Defendants' counsel may rely upon all agreements made with Co-Lead Counsel, or any duly authorized representative of Co-Lead Counsel, and such agreements will be binding on the parties.

13. All papers and documents previously filed and/or served in any of the cases consolidated herein shall be deemed a part of the record in the Consolidated Action.

14. Nothing in this order shall be construed as a waiver of any of Defendants' rights or positions in law or equity, or as a waiver of any defense that Defendants could otherwise raise.

Dated: 12/3/20

_____
THE HONORABLE ALISON J. NATHAN
UNITED STATES DISTRICT JUDGE